**EXHIBIT A**



# Service of Process Transmittal
04/18/2018
CT Log Number 533183975

| | |
|---|---|
| **TO:** | Rebecca Thompson<br>UnitedHealth Group Incorporated (111504190770700600)<br>9900 Bren Rd E Ste 300W, MN008-T502<br>Minnetonka, MN 55343-9693 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | UnitedHealthcare of Illinois, Inc. (513103001770700600)  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lee Anne Wigdahl, Independent Administrator of the Estate of Eric Wigdahl, Deceased, Pltf. vs. Fox Valley Family, et al., Dfts. // To: United Healthcare of Illinois, Inc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Notice, First Amended Complaint |
| **COURT/AGENCY:** | Kane Country Circuit Court - Sixteenth Judicial Circuit, IL<br>Case # 17L111 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2018 at 14:43 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Hadas M. Benhamou<br>Cogan & Power, P.C.<br>1 E Wacker Drive<br>Suite 510<br>Chicago, IL 60601<br>312-477-2500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/20/2018, Expected Purge Date: 05/20/2018<br><br>Image SOP<br><br>Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / SG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
# KANE COUNTY, ILLINOIS

Case No. __17 L 111__

| Lee Anne Wigdahl, Independent Administrator of the Estate of Eric Wigdahl, Deceased | Fox Valley Family Physicians, S.C., and Thomas R. Hazel, M.D. | *Thomas M. Hartwell* (signature)<br>Clerk of the Circuit Court<br>Kane County, Illinois<br>**4/18/2018**<br>**FILED/IMAGED**<br>File Stamp |
|---|---|---|
| Plaintiff(s) | Defendant(s) | |

SERVE:

Name: **United Healthcare of Illinois, Inc. c/o CT Corporation System**

Address: **208 S. LaSalle Street, Suite 814**

City, State & Zip: **Chicago, IL 60604**

Amount Claimed **$50,000.00** _____

Pltf. Atty **John Power, Esq.** _____    Add. Pltf. Atty _____

Atty. Registration No. **6197553** _____    Atty. Registration No. _____

Address **1 East Wacker Drive - Suite 510** _____    Address _____

City, State and Zip **Chicago, IL 60601** _____    City, State and Zip _____

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ Kane County Courthouse, 100 S. Third St., Geneva, IL _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

**4/18/2018**

WITNESS, _____ (date)

*Thomas M. Hartwell* (signature)
Clerk of Court

Form 166-A (05/11)    Page 1 of 2

Case No. 17 L 111

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

**SERVICE FEES**

Service and return _____ $ _____

Miles _____ _____

Total _____ $ _____

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____, Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-A (05/11)   Page 2 of 2

## NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

### CONDITIONS OF DISSOLUTION ACTION STAY

### 750 ILCS 5/501.1
### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from removing any minor child or either party from the State of Illinois or from concealing any such child from the other party, without the consent of the other party or an order of the court.

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY ILLINOIS

LEE ANNE WIGDAHL, Independent Administrator )
Of the estate of ERIC WIGDAHL, Deceased, )
)
    Plaintiff, )
)
  v. ) NO: 17 L 111
)
FOX VALLEY FAMILY PHYSICIANS, S.C., ) **JURY DEMAND**
an Illinois Corporation, by and through its physician )
agent and employee, THOMAS R. HAZEL, M.D., )
and THOMAS R. HAZEL, M.D., Individually, and )
UNITEDHEALTHCARE of ILLINOIS, INC. c/o )
C T CORPORATION SYSTEM, )
)
    Defendants. )

Clerk of the Circuit Court
Kane County, Illinois
2/20/2018 1:37 PM
FILED/IMAGED

### *FIRST AMENDED COMPLAINT AT LAW*

NOW COMES the Plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, by and through her attorneys, COGAN & POWER, P.C., and complaining of Defendants, FOX VALLEY FAMILY PHYSICIANS, S.C., (hereinafter "FOX VALLEY"), an Illinois Corporation, by and through its physician agent and employee, THOMAS R. HAZEL, M.D., THOMAS R. HAZEL, M.D., Individually, and UNITEDHEALTHCARE of ILLINOIS, INC. c/o C T CORPORATION SYSTEM (hereinafter "UNITEDHEALTHCARE"), states as follows:

### *COUNT I – WRONGFUL DEATH v. FOX VALLEY & THOMAS R. HAZEL, M.D.*

1.    On and before April 3, 2016, defendant, FOX VALLEY was a corporation licensed and incorporated by the State of Illinois to offer and provide family medical services to

1

the public by and through its physician employees, actual or apparent agents, including but not limited to THOMAS R. HAZEL, M.D., in the city of Chicago, county of Cook, State of Illinois.

2. On and before April 3, 2016, and at all times relevant, defendant, THOMAS R. HAZEL, M.D. was a physician licensed by the State of Illinois to practice medicine, was holding himself out to the public as a family practice physician, and was engaged in the practice of family medicine at FOX VALLEY.

3. At all times relevant herein, plaintiff's decedent, ERIC WIGDAHL, was treated by the defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually.

4. Before April 3, 2016, defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, knew the plaintiff's decedent, ERIC WIGDAHL had a history of shortness of breath, palpitations, was overweight, and had a family history of heart disease.

5. Before April 3, 2016, the defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, knew the plaintiff's decedent, ERIC WIGDAHL was employed as the Director of Sales for CBORD which required that ERIC frequently fly across the country.

6. On March 4, 2016, the plaintiff's decedent, ERIC WIGDAHL presented to defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R.

HAZEL, M.D., Individually, complaining of shortness of breath, chest pain, chest discomfort, and palpitations.

7. On March 4, 2016, defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D. Individually, ordered a blood work-up, a cardiac stress test, and an electrocardiogram of plaintiff's decedent, ERIC WIGDAHL.

8. On and before March 4, 2016, defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, were negligent in one or more of the following ways:

   a. Failed to discover the cause of ERIC WIGDAHL's shortness of breath after learning that ERIC WIGDAHL had an otherwise normal clinical exam and clinical x-ray;

   b. Failed to rule out additional cardiac and pulmonary causes of ERIC WIGDAHL's shortness of breath;

   c. Failed to immediately send ERIC WIGDHAL to the emergency room for evaluation given his presentation and history of shortness of breath;

   d. Failed to immediately send ERIC WIGDAHL to a cardiologist, to be seen that day, given his presentation and history of shortness of breath; and

   e. Failed to appreciate the subtle EKG changes between an EKG in June of 2013 and an EKG in March of 2016.

9. As a proximate result of one or more of the foregoing wrongful acts and/or omissions of defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, plaintiff's decedent, ERIC WIGDAHL suffered a pulmonary embolism on April 3, 2016, and died.

10. At the time of his death, ERIC WIGDAHL, left surviving his wife, LEE ANNE WIGDAHL, and their daughter, KAYLA R. WIGDAHL, who suffer pecuniary losses and loss of his society and companionship as a proximate result of his death.

11. This action is being brought by LEE ANNE WIGDAHL in her capacity as court appointed Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, pursuant to the provisions of the Wrongful Death Act.

12. Attached hereto and made a part hereof, is an Affidavit and medical report submitted in compliance with Section 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, prays this Honorable Court enter judgment against the defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, in an amount in excess of the jurisdictional limit of FIFTY THOUSAND DOLLARS ($50,000.00.).

## *COUNT II – SURVIVAL COUNT v. FOX VALLEY & THOMAS R. HAZEL, M.D.*

1-8. Plaintiff repeats and realleges paragraphs one (1) through eight (8) of Count I as though fully incorporated herein Count II.

9. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, ERIC WIGDAHL suffered conscious pain and suffering and incurred medical bills and, had he survived, a cause of action would have accrued

in his favor and such action has thus survived his death. This action is being brought pursuant to the provisions of the Survival Act.

10. Attached hereto and made a part hereof is an Affidavit and medical report submitted pursuant to 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, prays this Honorable Court enter judgment against the defendant, FOX VALLEY, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, in an amount in excess of the jurisdictional limit of FIFTY THOUSAND DOLLARS ($50,000.00).

### *COUNT III – WRONGFUL DEATH v. UNITEDHEALTHCARE*
### *(by and through its actual, apparent agent, servant or employee "SUZETTE")*

1. On and before April 3, 2016, defendant, UNITEDHEALTHCARE was a corporation licensed and incorporated by the State of Illinois to offer and provide health insurance to the public, including but not limited to plaintiff's decedent, ERIC WIGDAHL and plaintiff, LEE ANNE WIGDAHL.

2. At all times relevant herein, defendant, UNITEDHEALTHCARE was in the business of providing health insurance to the public, and not in the business of providing medical advice or rending medical care.

3. On and before April 3, 2016, and at all times relevant, plaintiff and plaintiff's decedent were covered under a health insurance policy issued by UNITEDHEALTHCARE.

4. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL traveled from Geneva, Illinois to Burlingame, California for business and upon arriving and deplaning, began to experience shortness of breath, palpitations, and weakness.

5

5. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL called the UNITEDHEALTHCARE 1-866 number on the back of plaintiff's decedent's UNITEDHEALTHCARE health insurance card to find a nearby medical facility within network to address his shortness of breath, palpitations, and weakness.

6. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL was connected to a "Suzette," an actual and/or apparent agent, employee and/or servant of UNITEDHEALTHCARE, and informed "Suzette" he was out of town, experiencing shortness of breath, major difficulty breathing, palpitations and weakness, and was seeking medical attention within network.

7. On March 29, 2016, "Suzette" placed ERIC WIGDAHL on hold for 8 minutes and finally connected him to UNITEDHEALTHCARE's actual and/or apparent agent, employee, and/or servant, "Nurse Mary."

8. On March 29, 2016, ERIC WIGDAHL relayed his medical symptoms to "Nurse Mary" who gave medical advice, significantly lowered ERIC WIGDAHL's level of concern for his medical symptoms, and instructed ERIC WIGDAHL not to go to an ER.

9. On March 29, 2016, defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, "Suzette" and "Nurse Mary" knew the plaintiff's decedent, ERIC WIGDAHL was experiencing serious medical symptoms.

10. On March 29, 2016, defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agent, servant and employee, including but not limited to, "Suzette" had a duty to instruct plaintiff's decedent ERIC WIGDAHL to immediately hang up the phone and call 911 given his description of life-threatening medical symptoms.

11. Despite said duty, defendant UNITEDHEALTHCARE, by and through its actual and/or apparent agents, servants, and employees, including but not limited to "Suzette," was negligence in one or more of the following ways:

   a. Failed to have an automated recording instructing members calling the 1-866 number to hang up and dial 911 if they were calling about a medical emergency;

   b. Failed to instruct ERIC WIGDAHL to hang up and dial 911 given his description of life-threatening medical symptoms; and

   c. Failed to instruct ERIC WIGDAHL to present to an emergency room given his life-threatening medical symptoms.

12. As a proximate result of one or more of the foregoing wrongful acts and/or omissions of defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agent, servant, and employee, including but not limited to, "Suzette" plaintiff's decedent, ERIC WIGDAHL suffered a pulmonary embolism on April 3, 2016, and died.

13. At the time of his death, ERIC WIGDAHL, left surviving his wife, LEE ANNE WIGDAHL, and their daughter, KAYLA R. WIGDAHL, who suffer pecuniary losses and loss of his society and companionship as a proximate result of his death.

14. This action is being brought by LEE ANNE WIGDAHL in her capacity as court appointed Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, pursuant to the provisions of the Wrongful Death Act.

15. Attached hereto and made a part hereof, is an Affidavit and medical report submitted in compliance with Section 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, prays this Honorable Court enter judgment against the defendant, UNITEDHEALTHCARE of ILLINOIS, INC. c/o C T CORPORATION SYSTEM,

by and through its actual and/or apparent agents, servants, and employees in an amount in excess of the jurisdictional limit of FIFTY THOUSAND DOLLARS ($50,000.00.).

### *COUNT IV- WRONGFUL DEATH v. UNITEDHEALTHCARE*
*(by and through its actual or apparent agent, servant or employee "NURSE MARY")*

1. On and before April 3, 2016, defendant, UNITEDHEALTHCARE was a corporation licensed and incorporated by the State of Illinois to offer and provide health insurance to the public, including but not limited to plaintiff's decedent, ERIC WIGDAHL and plaintiff, LEE ANNE WIGDAHL.

2. At all times relevant herein, defendant, UNITEDHEALTHCARE was in the business of providing health insurance to the public, and not in the business of providing medical advice or rending medical care.

3. On and before April 3, 2016, and at all times relevant, plaintiff and plaintiff's decedent were covered under a health insurance policy issued by UNITEDHEALTHCARE.

4. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL traveled from Geneva, Illinois to Burlingame, California for business and upon arriving and deplaning, began to experience shortness of breath, palpitations, and weakness.

5. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL called the UNITEDHEALTHCARE 1-866 number on the back of plaintiff's decedent's UNITEDHEALTHCARE health insurance card to find a nearby medical facility within network to address his shortness of breath, palpitations, and weakness.

6. On March 29, 2016, plaintiff's decedent, ERIC WIGDAHL was connected to a "Suzette," an actual and/or apparent agent, employee and/or servant of UNITEDHEALTHCARE, and informed "Suzette" he was out of town, experiencing shortness of

breath, major difficulty breathing, palpitations and weakness, and was seeking medical attention within network.

7. On March 29, 2016, "Suzette" placed ERIC WIGDAHL on hold for 8 minutes and finally connected him to UNITEDHEALTHCARE's actual and/or apparent agent, employee, and/or servant, "Nurse Mary."

8. On March 29, 2016, ERIC WIGDAHL relayed his medical symptoms to "Nurse Mary" who gave medical advice, significantly lowered ERIC WIGDAHL's level of concern for his medical symptoms, and instructed ERIC WIGDAHL not to go to an ER.

9. On March 29, 2016, defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agents, servants, and employees, including but not limited to, "Suzette" and "Nurse Mary" knew the plaintiff's decedent, ERIC WIGDAHL was experiencing serious medical symptoms.

10. On March 29, 2016, defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agent, servant and employee, including but not limited to, "Nurse Mary," once she assumed the role of a person who provided medical advice, had a duty to instruct plaintiff's decedent ERIC WIGDAHL to immediately hang up the phone and call 911 given his description of life-threatening medical symptoms.

11. Despite said duty, defendant UNITEDHEALTHCARE, by and through its actual and/or apparent agents, servants, and employees, including but not limited to "Nurse Mary," was negligence in one or more of the following ways:

   a. Failed to have an automated recording instructing members calling the 1-866 number to hang up and dial 911 if they were calling about a medical emergency;

   b. Failed to instruct ERIC WIGDAHL to hang up and dial 911 given his description of life-threatening medical symptoms;

    c. Failed to instruct ERIC WIGDAHL to present to an emergency room given his life-threatening medical symptoms;

    d. Gave unauthorized medical advice to ERIC WIGDAHL despite lack of qualification;

    e. Significantly lowered ERIC WIGDAHL's level of concern for his life-threatening medical conditions by keeping him on the phone line for 20 minutes; and

    f. Significantly lowered ERIC WIGDAHL's level of concern for his life-threatening medical conditions by instructing him not to go to an emergency room.

12. As a proximate result of one or more of the foregoing wrongful acts and/or omissions of defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agent, servant and employee, including but not limited to, "Nurse Mary," plaintiff's decedent, ERIC WIGDAHL suffered a pulmonary embolism on April 3, 2016, and died.

13. At the time of his death, ERIC WIGDAHL, left surviving his wife, LEE ANNE WIGDAHL, and their daughter, KAYLA R. WIGDAHL, who suffer pecuniary losses and loss of his society and companionship as a proximate result of his death.

14. This action is being brought by LEE ANNE WIGDAHL in her capacity as court appointed Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, pursuant to the provisions of the Wrongful Death Act.

15. Attached hereto and made a part hereof, is an Affidavit and medical report submitted in compliance with Section 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, prays this Honorable Court enter judgment against the defendant, UNITEDHEALTHCARE of ILLINOIS, INC. c/o C T CORPORATION SYSTEM,

by and through its actual and/or apparent agents, servants, and employees in an amount in excess of the jurisdictional limit of FIFTY THOUSAND DOLLARS ($50,000.00.).

### COUNT V – SURVIVAL COUNT v. UNITEDHEALTHCARE

1-11. Plaintiff repeats and realleges paragraphs one (1) through eleven (11) of Count III as though fully incorporated herein Count V.

12. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, UNITEDHEALTHCARE, by and through its actual and/or apparent agents, servants, and employees, ERIC WIGDAHL suffered conscious pain and suffering and incurred medical bills and, had he survived, a cause of action would have accrued in his favor and such action has thus survived his death. This action is being brought pursuant to the provisions of the Survival Act.

13. Attached hereto and made a part hereof is an Affidavit and medical report submitted pursuant to 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, the plaintiff, LEE ANNE WIGDAHL, Independent Administrator of the Estate of ERIC WIGDAHL, Deceased, prays this Honorable Court enter judgment against the defendant, UNITEDHEALTHCARE of ILLINOIS, INC. c/o C T CORPORATION SYSTEM, by and through its actual and/or apparent agents, servants, and employees in an amount in excess of the jurisdictional limit of FIFTY THOUSAND DOLLARS ($50,000.00).

/s/ *[signature]*
Attorney for the Plaintiff

John M. Power
Hadas M. Benhamou
COGAN & POWER, P.C.
1 E Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (fax)
FIRM ID: 49471
jpower@coganpower.com
hbenhamou@coganpower.com