UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE ANNE WIGDAHL, Independent Administrator of the estate of ERIC WIGDAHL, Deceased,<br><br>      Plaintiff,<br><br>     v.<br><br>FOX VALLEY FAMILY PHYSICIANS, S.C., an Illinois Corporation, by and through its physician agent and employee, THOMAS R. HAZEL, M.D., and THOMAS R. HAZEL, M.D., Individually, and UNITEDHEALTHCARE of ILLINOIS, INC.,<br><br>      Defendants. | No. 18 C 3513<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

Eric Wigdahl ("Eric") contacted Defendant UnitedHealthcare of Illinois, Inc. ("UHC") to locate an in-network provider after experiencing medical issues while traveling for work. He spoke to two UHC employees or agents, including a nurse, who instructed him to visit an urgent care center. Several days later, Eric suffered a pulmonary embolism and died. His wife, Lee Anne Wigdahl ("Lee Anne"), brings this suit against UHC, alleging that, through its two employees or agents, "Suzette" and "Nurse Mary," UHC committed negligence. Lee Anne also brings a claim under the Illinois Survival Act against UHC.[1] Lee Anne filed the suit in state court, and UHC removed it to federal court, asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) pursuant to the Employment Retirement Income Security Act

---

[1] The first amended complaint additionally includes wrongful death and survival claims against Fox Valley Family Physicians, S.C. and Thomas R. Hazel, M.D. The Court does not address these claims in this Opinion because UHC acknowledges that even if the Court has jurisdiction over Lee Anne's claims against UHC, the Court should sever the claims against Fox Valley Family Physicians, S.C. and Dr. Hazel and remand them to state court. *See* Doc. 1-1 at 2–3.

("ERISA"), 29 U.S.C. § 1001 *et seq.* Lee Anne has moved to remand the case to state court, arguing that her claims arise from UHC's medical negligence and not any violation or breach of Eric's insurance policy and so ERISA preemption does not apply. The Court agrees that Lee Anne's claims do not invoke ERISA's complete preemption doctrine and so finds it does not have subject matter jurisdiction over this case. Therefore, the Court grants Lee Anne's motion to remand and remands this case to the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois.

## BACKGROUND

Eric had health insurance through a policy issued by his employer and administered by UHC.[2] On March 29, 2016, he traveled from his home in Illinois to Burlingame, California, for work. Upon arriving in California, he began experiencing shortness of breath, palpitations, and weakness. He called the number on the back of his insurance card "to find a nearby medical facility within network to address" his medical issues. Doc. 1-1 ¶ 5. He first spoke with "Suzette," a UHC employee or agent, informing her that he was traveling, experiencing issues breathing, palpitations, and weakness, and looking for an in-network provider. Suzette placed Eric on hold for eight minutes, ultimately connecting him with "Nurse Mary," also a UHC employee or agent. Eric again relayed his medical symptoms to Nurse Mary, who suggested that he visit an urgent care facility instead of the emergency room. On April 3, Eric suffered a pulmonary embolism and died.

Eric's wife, Lee Anne, filed this suit on behalf of Eric's estate in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois. She claims that UHC, through Suzette and Nurse Mary, acted negligently in failing to have an automated recording instructing its members to call 911 if they were having an emergency, in specifically failing to instruct Eric to call 911

---

[2] The parties agree that the UHC insurance policy qualifies as an ERISA insurance policy.

2

given his description of his medical symptoms, and in failing to instruct Eric to go to the emergency room. She also alleges that Nurse Mary gave unauthorized medical advice and significantly lowered Eric's level of concern for his life-threatening medical symptoms. Lee Anne brings her claims under Illinois' Wrongful Death and Survival Acts.

## LEGAL STANDARD

A party may properly remove to federal court a case filed in state court that a party could have filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

Ordinarily, under the Court's federal question jurisdiction, a defendant may only remove a case to federal court if the plaintiff's complaint establishes that the plaintiff's claims arise under federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). But an exception to the well-pleaded complaint rule exists where a federal statute completely preempts state law claims, allowing those cases to be removed to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003).

UHC removed this case to federal court, contending that ERISA completely preempts Lee Anne's state law claims against UHC. ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any

employee benefit plan." 29 U.S.C. § 1144(a). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans," and its "expansive pre-emption provisions . . . are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc v. Davila*, 542 U.S. 200, 208, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) (citations omitted) (internal quotation marks omitted).

Section 502 of ERISA allows a participant or beneficiary to sue to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). "[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987))). ERISA completely preempts all claims that fall within § 502(a) and a party may properly remove those claims to federal court. *Id.* at 209; *Taylor*, 481 U.S. at 67.

The Seventh Circuit considers three factors in determining whether a claim falls within § 502(a)'s preemptive scope: (1) whether the plaintiff could bring a claim under § 502; (2) whether the plaintiff's claim can be enforced through § 502; and (3) whether the plaintiff's claim cannot be resolved without interpreting the plan. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (citing *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995)). Eligibility and coverage decisions, such as whether a plan breached its agreement to provide benefits or a plan representative misrepresented coverage under a plan, fall within ERISA's preemptive scope. *See, e.g.*, *Shannon v. Shannon*, 965 F.2d 542, 546 (7th Cir. 1992);

4

*Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992). But claims involving treatment and quality of care decisions do not. *See, e.g.*, *Lehmann v. Brown*, 230 F.3d 916, 920 (7th Cir. 2000) ("When the complaint alleges that a welfare-benefit plan has committed a tort—for example, when a physician employed by a HMO that has been offered as a benefit to employees commits medical malpractice—the claim must arise under state law, because ERISA does not attempt to specify standards of medical care."); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 357 (3d Cir. 1995) ("Nor does anything in the legislative history, structure, or purpose of ERISA suggest that Congress viewed § 502(a)(1)(B) as creating a remedy for a participant injured by medical malpractice. . . . Quality control of benefits . . . is a field traditionally occupied by state regulation and we interpret the silence of Congress as reflecting an intent that it remain such."); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *3 (S.D. Ill. Aug. 24, 2007) (to find that ERISA requires preemption of claims concerning the quality of benefits received "would be to effectively federalize the area of medical malpractice law").

UHC argues that the claims against it involve determinations under Eric's insurance plan as to the necessity of certain medical care, thus bringing them within ERISA's scope. But Lee Anne's claims against UHC do not involve coverage or eligibility decisions. She does not claim UHC failed to provide medically necessary treatment or other benefits to which Eric was entitled under the plan. Instead, she alleges UHC committed medical malpractice and acted negligently based on Suzette's and Nurse Mary's actions in undertaking to provide Eric with medical advice and failing to direct him to an emergency room. This differs from the situation in *Jass*, where a utilization review nurse determined that the plaintiff did not need a course of physical therapy to rehabilitate her knee after knee replacement surgery, causing the denial of that treatment and the

5

plaintiff's premature discharge from the hospital. *Jass*, 88 F.3d at 1486. In *Jass*, the plaintiff's claim amounted to one for denial of benefits, as the nurse "determined the appropriate health benefits due" to the plaintiff under the terms of her plan, and resolution of her claims required interpretation of the plan to determine the benefits to which she was entitled, meaning ERISA preemption applied. *Id.* at 1489. The same cannot be said as to Eric's interactions with Suzette and Nurse Mary and the resolution of the claims arising from those interactions.

Instead, the Court finds this case nearly identical to that before the court in *Crum v. Health Alliance-Midwest, Inc.*, 47 F. Supp. 2d 1013 (C.D. Ill. 1999). There, the plaintiff's husband's insurance policy required that he contact the defendant and consult with an advisory nurse prior to seeking medical attention. *Id.* at 1015. The plaintiff called an advisory nurse on his behalf, informing the nurse of his symptoms. *Id.* The nurse told the plaintiff that her husband would be fine and indicated he did not need to go to the emergency room, even after the plaintiff called a second time. *Id.* The plaintiff nonetheless decided to drive her husband to the hospital after his symptoms did not improve, and he became unresponsive during the drive and died. *Id.* at 1015–16. The plaintiff alleged that the defendant acted negligently, including by undertaking to provide untrained and unqualified medical advice and failing to instruct her husband to immediately seek medical attention. *Id.* at 1016. The defendant removed the case to federal court, but the court found that ERISA did not completely preempt the claims because they were based on the nurse's misdiagnosis of the plaintiff's husband's condition and faulty medical advice, reasoning that the plaintiff did not seek to recover benefits due under the plan or enforce rights under that plan but rather based her claim on the quality of the medical care received. *Id.* at 1019–20. Similarly, here, Lee Anne focuses her claim on the quality of care UHC and its employees Suzette and Nurse Mary provided, not any denial of specific benefits

6

under Eric's insurance plan. Therefore, her claims against UHC do not rest upon the terms of Eric's plan or require interpretation of that plan, and so ERISA does not completely preempt her claims. *Id.* at 1020; *see also Badal v. Hinsdale Mem'l Hosp.*, No. 06 C 7164, 2007 WL 1424205, at *5 (N.D. Ill. May 8, 2007) (ERISA did not preempt medical negligence claim). The Court lacks subject matter jurisdiction over this case and remands it to state court.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff Lee Anne Wigdahl's motion to remand [12]. The Court remands this case to the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois.

Dated: September 21, 2018

SARA L. ELLIS
United States District Judge

---

[3] The parties acknowledge that conflict preemption under § 514(a) of ERISA would only serve as a defense to Lee Anne's claims and not as a basis for federal question jurisdiction. *Jass*, 88 F.3d at 1487.